16-1897-cv
*Libby v. Price*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,
                    *Circuit Judges.*

---

MICHAEL J. LIBBY,

        *Plaintiff-Appellant,*                                16-1897-cv

                v.

THOMAS E. PRICE, in his official capacity as U.S. Secretary of Health and Human Services, United States Department of Health and Human Services, STEVEN TERNER MNUCHIN, in his official capacity as U.S. Secretary of the Treasury, United States Department of the Treasury,

        *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**              MICHAEL J. LIBBY, *pro se*, Brooklyn, NY.

---

  [*] The Clerk is directed to alter the caption of this case to read as indicated above. *See* Fed. R. App. P. 43(c)(2).

1

**FOR DEFENDANTS-APPELLEES:**

RACHEL G. BALABAN (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Michael J. Libby, proceeding *pro se*, filed a complaint against the Secretary of the U.S. Department of Health and Human Services, the Secretary of the U.S. Department of Treasury, and the Departments themselves, seeking to enjoin enforcement of the Patient Protection and Affordable Care Act ("ACA"). The District Court dismissed Libby's complaint for lack of standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination that a plaintiff lacked standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). To satisfy the "irreducible constitutional minimum" of Article III standing, a plaintiff must demonstrate (1) "injury in fact," (2) a "causal connection" between that injury and the complained-of conduct, and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). "To demonstrate injury in fact, a plaintiff must show the invasion of a legally protected interest that is concrete *and* particularized and actual or imminent, not conjectural or hypothetical." *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (emphasis added) (internal quotation marks omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way. . . . A concrete injury must be *de facto*; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted).

Even liberally construed, Libby's complaint fails to adequately allege that he has suffered any concrete or particularized injury. Libby contends that the following features of the ACA are unconstitutional: the so-called individual mandate, the prohibition on charging higher premiums for pre-existing conditions, the requirement that health plans cover "essential benefits," and the creation of the Independent Payment Advisory Board ("IPAB"). But the complaint alleges hardly any facts concerning Libby at all, discussing instead the ACA's provisions, various policy arguments, and case law. While some allegations suggest a theory of possible injury, they are insufficient.

First and foremost, Libby alleges that he "is enrolled in Medicare." Compl. ¶ 4(A). What that means, however, is that Libby is not even subject to tax penalties pursuant to the so-called individual mandate provision, which is the focus of his complaint. *See* 26 U.S.C. § 5000A(f)(1)(A)(i). Similarly, the ACA's provisions regarding pre-existing conditions and essential health benefits do not apply to Medicare recipients.[1] Moreover, the ACA itself expressly states that none of its provisions "shall result in a reduction of guaranteed benefits" for those on Medicare. *See* Pub. L. No. 111-148, §§ 3601-02, 124 Stat. 119, 538 (2010).[2]

Second, Libby alleges that he "is an oldster; as such, he is especially wronged by the ACA which sharply changes the ethos of our culture . . . ." Compl. ¶ 4(C). Even in conjunction with the complaint's references to the IPAB, *see, e.g., id.* ¶ 4(C)-(D), that is not enough to allege injury. Among other things, the IPAB has not even been formed, and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1147 (2013) (internal quotation marks and alterations omitted). Needless to say, the federal courts lack jurisdiction to redress a "change in cultural spirit." Compl. ¶ 4(D).

Finally, Libby also argues that he has third-party standing. In certain limited circumstances, third parties may bring suit alleging violations of the rights of others, but a putative third-party litigant must satisfy "three important criteria": (1) the litigant himself "must have suffered an injury in fact," (2) "the litigant must have a close relation to the third party," and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio,* 499 U.S. 400, 410-411 (1991) (internal quotation marks and citations omitted). None of these requirements is met in the present case.

---

[1] These provisions apply to a "health insurance issuer that offers health insurance coverage in the individual or small group market," *see* 42 U.S.C. § 300gg-6(a) (essential health benefits); *id.* § 300gg(a)(1) (pre-existing conditions), and Medicare falls outside the ACA's definition of such an issuer. *See id.* § 300gg-91(b)(2) (defining "health insurance issuer" as an "insurance company . . . which is licensed to engage in the business of insurance in a State and which is subject to State law which regulates insurance"); *id.* § 300gg-91(e)(1), (5) (defining individual and small group markets).

[2] In his complaint, Libby also alleged that "to help fund the ACA there will be a 2.5% [i]ncrease (7.5% to 10%) in the Adjusted Gross Income floor on medical expenses deductions" so "the ACA will increase [his] tax bill." Compl. ¶ 4(B). In his brief on appeal, however, Libby submits that he "is now withdrawing" this alleged basis of injury, because he has since realized that he is "exempt . . . because of his age." Appellant's Br. 3. By Libby's own admission, therefore, this allegation in the complaint is not a plausible statement of injury in fact.

## CONCLUSION

We have considered all of Libby's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk